929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Iradj TAHERI, Plaintiff-Appellant,
v.
COOK COUNTY HOSPITAL, Terrence Hansen, Civil Service
Commission of Cook County, Erwin Weiner and Frank
Salvino, individually and officially,
Defendants-Appellees.
 No. 90-1543.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 17, 1991.
Decided April 5, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 88 C 5883, Elaine E. Bucklo, Magistrate Judge.
 N.D.Ill.
 AFFIRMED.
 Before CUMMINGS, WOOD, JR., and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 In October 1988, plaintiff Iradj Taheri filed an amended complaint against the County of Cook, Illinois, the Civil Service Commission of Cook County, Terrence Hansen, the Director of Cook County Hospital, Erwin Weiner, the Personnel Director of the Cook County Department of Personnel, and Frank Salvino, a Cook County Hospital Laboratories Administrative Director and Hearing Officer. Count I of the amended complaint was brought under 42 U.S.C. Sec. 1983 for violations of the Due Process Clause of the Fourteenth Amendment. Taheri alleged that he served in the medical laboratory of Cook County Hospital since 1970 and became a Medical Laboratory Technician Supervisor in 1979. In December 1987 he was terminated because he violated the dual employment policy of the Civil Service Commission codified in its Rule IX. At the same time that he was working full time at Cook County Hospital, he was working full time as a Medical Technologist II at the University of Illinois Hospital laboratories in Chicago.
 
 
 2
 On June 25, 1988, a pre-disciplinary hearing was held on the charge that plaintiff had violated the Civil Service Commission's dual employment rule. Immediately following the hearing, plaintiff was given a letter from defendants Hansen and Salvino discharging him on that date but written the day before. Again according to the amended complaint, on plaintiff's appeal from the discharge letter, Hearing Officer Charles Ard upheld the discharge in June 1988 although plaintiff had resigned from his second job with the University of Illinois Hospital on April 25, 1988.
 
 
 3
 Count I of the amended complaint asserted that plaintiff's discharge violated the Due Process Clause of the Fourteenth Amendment on the ground that he "had a property right in continued employment of which he was deprived without a fair hearing." He sought compensatory damages of $10,000, punitive damages of $50,000, and a declaration that defendants' employment policies were arbitrary and capricious in violation of the Due Process clause. He also sought reinstatement and attorney's fees and costs.
 
 
 4
 The second count of the amended complaint was for breach of contract and sought a declaratory judgment and unspecified damages for breach of employment contract and wrongful discharge. In November 1988, defendants filed a motion to dismiss Count I of the amended complaint, alleging that it did not state a cause of action under 42 U.S.C. Sec. 1983 because Illinois law gave plaintiff no property interest in continued employment with Cook County. The defendants' motion also sought the dismissal of the pendent breach of contract Count II on the ground that the federal Count I was baseless.
 
 
 5
 In March 1989 Judge Leinenweber denied the defendants' motion to dismiss the amended complaint on the grounds that under Count I plaintiff had "adequately alleged a constitutionally protected property interest in the entitlement to continued employment" and that under Count II plaintiff might have enforceable contractual rights under Cook County Hospital's personnel rules. In September 1989 defendants filed a motion to reconsider Judge Leinenweber's order in view of this Court's intervening en banc decision in Easter House v. Felder, 879 F.2d 1458 (1989), and Thornton v. Barnes, 890 F.2d 1380 (7th Cir.1989).
 
 
 6
 By consent of the parties, Magistrate Judge Elaine E. Bucklo was assigned to preside at the trial of this case, and in December 1989 plaintiff filed a second amended complaint expanding somewhat on the amended complaint. In February 1990, the magistrate judge handed down a six-page order dismissing Count I of the second amended complaint on the basis of Easter House v. Felder. Pendent Count II containing the state law breach of contract claim was also dismissed pursuant to United Mineworkers v. Gibbs, 383 U.S. 715, 716.
 
 
 7
 Our en banc decision in Easter House v. Felder was subsequently vacated by the Supreme Court and remanded for reexamination in light of Zinermon v. Burch, --- U.S. ----, 110 S.Ct. 975. In August 1990 we issued a subsequent opinion in Easter House v. Felder, 910 F.2d 1387, modifying our original en banc opinion in line with Zinermon but reaffirming our previous holding that no federal claim is stated when defendant government employees who deviate from established due process act in a "random and unauthorized" manner, id. at 1396. Because Easter House controls, the order dismissing this cause is affirmed.